NOT FOR PUBLICATION                                    [Docket No. 49]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| VICTOR AYALA, <br><br> Plaintiff, <br><br> v. <br><br> C.M.S., UNIVERSITY HEALTH SERVICES, MS. HALLENBACK, DR. JOHNSON, DR. ABDUL AHASM, and JOHN DOE, <br><br> Defendants. | Civil No. 05-5184 (RMB) <br><br> **OPINION** |

APPEARANCES:

Victor Ayala
Prison #306572
SBI #443692-B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    Pro Se Plaintiff

David J. Bishop
Crammer, Bishop, Marczyk & O'Brien, PC
508 New Jersey Avenue, Suite B3
Absecon, NJ 08201
    Attorney for Defendants C.M.S. and Dr. Abdul Ahasm

**BUMB**, United States District Judge:

**I.   INTRODUCTION**

    This matter comes before the Court upon a motion for summary judgment by Defendants C.M.S. and Dr. Abdul Ahasm.  Plaintiff is a prisoner incarcerated with the New Jersey Department of

1

Corrections ("NJDOC"). At the time of the alleged events giving rise to the Complaint, Plaintiff was incarcerated at South Woods State Prison in Bridgeton, New Jersey; he is currently incarcerated at East Jersey State Prison in Rahway, New Jersey. Defendant C.M.S., Correctional Medical Services, Inc., is a private corporation that provides and manages the medical care system for the NJDOC. Defendant Ahasm is a physician who works for C.M.S. and was involved in Plaintiff's medical care at South Woods State Prison.

In the Complaint, Plaintiff alleged various constitutional violations against the defendants listed in the above caption as well as the NJDOC. However, on May 10, 2006, this Court reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. (Opinion, filed May 10, 2006 [Dkt. No. 5]; Order, filed May 10, 2006 [Dkt. No. 6]). As a result of that review, this Court dismissed all claims against the NJDOC and defendants in their official capacity, as well as Plaintiff's disciplinary action claim and loss of property claim. The only claim the Court allowed to go forward was Plaintiff's Eighth Amendment medical care claim against the remaining defendants in their individual capacities.

Defendants C.M.S. and Dr. Abdul Ahasm ("Defendants") now move to dismiss Plaintiff's Eighth Amendment claim on several grounds:  1) Plaintiff failed to exhaust his available administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act; 2) Plaintiff has failed to present any evidence to show deliberate indifference on the part of Defendants; 3) CMS cannot be held liable under § 1983 for its employees' violations based on a theory of respondeat superior; 4) Plaintiff has failed to show that CMS had any unconstitutional custom or policy; and 5) Plaintiff has failed to show that Defendants' actions were the proximate cause of Plaintiff's damages.

**II.   FACTS**

On April 26, 2005, at South Woods State Prison, Plaintiff awoke with stomach pain and requested to see the medical staff. (Pl. Opp. at 4).  Plaintiff claims he was forced to wait hours before he was seen by a nurse practitioner.  (Id.).  Apparently, during that time, Plaintiff began vomiting and continued to suffer severe pain in his stomach.  He claims that he was "stripped naked," "handcuffed and shackled," and left "to sleep in vomit."  (Compl. at 6).  Throughout the ordeal, which lasted for several days, Plaintiff claims that Defendants systematically refused to treat him.  (Id.).

3

## III.  STANDARD OF REVIEW

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In making this determination, a court must make all reasonable inferences in favor of the non-movant."  Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D. N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983)).  However, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. September 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).  "At the summary judgment stage the judge's function is not...to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.

**IV. DISCUSSION**

    **A. Failure to Exhaust**

Defendants argue that Plaintiff's claim alleging denial of medical care in violation of his Eighth Amendment rights should be dismissed because Plaintiff has failed to exhaust the available administrative remedies. The Prison Litigation Reform Act ("PLRA") requires prisoners to first exhaust all administrative remedies before asserting a claim in federal court. 42 U.S.C. § 1997e(a). Specifically, it states,

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C. § 1997e(a) (emphasis added).

The Supreme Court recently held that the PLRA requires "proper exhaustion." <u>Woodford v. Ngo</u>, U.S. 126 S. Ct. 2378, 2387 (2006). There, the Court stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." <u>Id.</u> at 2386. The exhaustion requirement applies to prison conditions, which include not only conditions affecting prisoners generally, but also to "occurrences." <u>Porter v. Nussle</u>, 534 U.S. 516, 521 (2002). Exhaustion is mandatory, even if the available administrative processes cannot grant the

5

desired remedy.  Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).

In assessing whether the exhaustion requirement applies to Plaintiff, this Court must look to his status at the time he filed his Complaint.  Porter, 534 U.S. at 524; Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002).  Section 1915 provides,

> the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. § 1915.  In this case, the record is undisputed that Plaintiff was a prisoner incarcerated at South Woods State Prison in Bridgeton, New Jersey at the time of the alleged events giving rise to the Complaint.[1]  (Compl. at 4).  Thus, Plaintiff was obligated to take advantage of all available administrative remedies provided by South Woods State Prison.

Defendants argue that Plaintiff has failed to show that he exhausted the administrative remedies available to him.  In their brief, Defendants state that South Woods State Prison had "administrative procedures available to all inmates to have their concerns addressed through a grievance program."  (Def. Motion at

---

[1] Plaintiff was subsequently transferred to Northern State Prison in Newark, New Jersey, which is where he was housed at the time he filed the Complaint.  He is now incarcerated at East Jersey State Prison.

17). However, Defendants fail to specify what these administrative procedures were or cite the relevant rules that set forth these procedures.

Plaintiff does not dispute that he did not seek "informal or formal relief from the appropriate administrative officials." (Compl. at 7). Rather, he argues that he did not seek any administrative remedy because he was unable to do so:

> [t]here was no way I could! I had family call on my behalf[.] I had no access to phone to call ombusman[.] [sic] Requests have gone unanswered. That was sent to notify them.

(Id.). Whether Plaintiff's excuses are relevant to his failure to exhaust depends on what the South State Prison administrative remedies provided. For instance, if the policy required Plaintiff to fill out a form, Plaintiff's lack of access to a phone to call an ombudsman is irrelevant. However, if the first step required Plaintiff to attempt informal resolution with the help of an ombudsman, then Plaintiff's lack of access might be relevant. Because Defendants provide no information as to what the administrative grievance procedure required, this Court cannot determine whether Plaintiff's excuses are valid or even relevant. Consequently, the Court cannot dismiss Plaintiff's claim for failure to exhaust administrative remedies.

### B.  Deliberate Indifference[2]

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring

---

[2]  When bringing an action under 42 U.S.C. § 1983, a Plaintiff must satisfy a two-prong test by showing that:  1) the conduct complained of was committed by a person acting under color of state law, and 2) the conduct deprived that person of rights guaranteed by the United States Constitution.  West v. Atkins, 487 U.S. 42, 48 (1988).  The parties do not dispute that the Defendants were acting under color of law.  The focus of the dispute is whether Plaintiff was deprived of his constitutional right to adequate medical treatment.

treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss."  Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in and of itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to

second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment is ultimately shown to be mistaken, this would not constitute an Eighth Amendment violation, but at most, medical malpractice.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court has also held that needless suffering resulting from the denial of simple medical care which does not serve any penological purpose violates the Eighth Amendment.  Atkinson, 316 F.3d at 266; see also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

10

In this case, Plaintiff contends that he became seriously ill, in pain and vomiting profusely, and that Defendants refused to provide him medical care for several days. Such denial, Plaintiff argues, constitutes deliberate indifference. Defendants argue that Plaintiff has failed to present any evidence that shows Defendants were deliberately indifferent to Plaintiff's condition. Moreover, Defendants contend, the medical records directly contradict Plaintiff's allegations. They demonstrate that Plaintiff received or was at least offered medical care on a regular basis throughout the relevant time period. (See generally Def. Motion, Ex. B). Indeed, the nurse notes indicate that Plaintiff was uncooperative and consistently refused treatment:

- April 26, 2005: Plaintiff "would not answer me or come to the cell door for an assessment and VS" and "Inmate refused treatment/exam[.]" (Id. at 35-36).

- April 27, 2005: "PRESENT IN I/M ROOM WITH SID I/M REFUSED TO HAVE V/S DONE[.] REQUESTED TO HAVE V/S ABOUT 5 TIMES IN SPANISH[.] HE REFUSED[.]" (Id. at 33).

- April 27, 2005: "nurse entered cell with sid and dr ahsan. dr and above nurse asked inmate if he would let medical do his bp vital signs. inmate yelled 'NO'." (Id. at 31).

- April 28, 2005: "Inmate is still refusing (not answering any questions) further evaluation." (Id. at 22).

- April 29, 2005: "SLEPT THROUGHOUT SHIFT WITHOUT DISTRESS OR COMPLAINTS. WOULD NOT RESPOND TO NAME BEING CALLED." (Id. at 18).

Thus, contrary to Plaintiff's allegations, the records show

11

that Plaintiff was given medical care on a regular basis. In fact, the medical staff monitored Plaintiff's condition and offered him treatment despite his consistent refusal of care and failure to cooperate. Plaintiff has presented nothing to rebut this showing; indeed, he has offered no evidence beyond his own testimony to support his claim that he was denied medical care, and that is not enough to survive summary judgment. Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. September 17, 2007) (Plaintiff "may not rest upon mere allegations, but rather must identify those facts of record which would contradict the facts identified by the movant") (internal quotations and citation omitted).

    Given the medical records and Plaintiff's failure to offer anything to dispute those records, this Court can find no genuine issue of fact warranting trial. Simply put, the record is insufficient to support Plaintiff's allegations that Defendants were deliberately indifferent to Plaintiff's medical needs. Defendants are therefore entitled to summary judgment on Plaintiff's Eighth Amendment claim.[3]

---

[3] Because the Court finds that Plaintiff has failed to establish deliberate indifference, the Court need not address Defendants' remaining arguments.

**V. CONCLUSION**

For the aforementioned reasons, Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claim alleging denial of medical care.  An appropriate Order will issue this date.

Dated:  July 2, 2008              s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  UNITED STATES DISTRICT JUDGE